14-4789-cr
United States v. Goins

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand fifteen.

PRESENT:   CHESTER J. STRAUB,
                        REENA RAGGI,
                        RICHARD C. WESLEY,
                                    *Circuit Judges*.
------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                                    *Appellee*,

                        v.                                                No. 14-4789-cr

CHRISTOPHER GOINS, AKA Mad Ball,
                                    *Defendant-Appellant*,

TERRENCE STEELE, AKA Tee-Fur, AKA T, AKA T-Fur,
                                    *Defendant*.
------------------------------------------------------------------------

FOR APPELLANT:                          Allison M. Near, Sheehan, Reeve & Near, New Haven, Connecticut.

FOR APPELLEE:                          H. Gordon Hall, Assistant United States
                                       Attorney (William J. Nardini, Assistant United
                                       States Attorney, *on the brief*), *for* Deidre M.
                                       Daly, United States Attorney for the District of
                                       Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 14, 2015, is AFFIRMED.

Defendant Christopher Goins was convicted in 2008 of conspiracy to distribute cocaine base, see 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), 846, and sentenced to a below-Guidelines and below-statutory minimum prison term of 72 months, as well as 10 years' supervised release, which he began serving in December 2010. Goins now appeals from a judgment finding him to have violated supervised release by: (1) unlawfully possessing a controlled substance; (2) unlawfully possessing a firearm or other dangerous weapon; and (3) committing another federal, state, or local crime while on supervision. Specifically, he contends that the 51-month sentence imposed for his violations is procedurally and substantively unreasonable.

We review a challenged sentence for "'reasonableness,' 'a particularly deferential form of abuse-of-discretion review' that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012) (quoting United States v. Cavera, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (en banc)); see also United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008) (applying

2

reasonableness review to sentence for supervised release violation). While the parties dispute whether Goins's failure to raise certain procedural arguments in the district court limits our review to plain error, we need not conclusively decide the issue of forfeiture because we conclude that Goins fails to demonstrate abuse of discretion in any event. In discussing Goins's claims, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Procedural Reasonableness

A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, . . . or fails adequately to explain the chosen sentence." United States v. Chu, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). Goins asserts error on each of these grounds.

a.      Failure To Calculate Sentencing Range and Consider Other § 3553(a) Factors

Goins first argues that the district court failed to calculate the sentencing range applicable under U.S.S.G. § 7B1.4(a) before imposing sentence. See 18 U.S.C. § 3583(e) (authorizing supervised release revocation upon consideration, among other things, of § 3553(a)(4) requirement to consider applicable Sentencing Guidelines and policy statements). We are not persuaded.

In rejecting a similar argument in United States v. Verkhoglyad, this court explained that, absent record evidence to the contrary, "we presume that a sentencing

3

judge has faithfully discharged her duty to consider" the § 3553(a) factors, including the Guidelines referenced in § 3553(a)(4). 516 F.3d at 129 (internal quotation marks omitted). We require no "specific verbal formulations to demonstrate the adequate discharge" of this duty. Id. (internal quotation marks and alteration omitted).

Nothing in the record here signals dereliction of this duty. To the contrary, because the Violation Report specifically identified 51 to 63 months as Goins's applicable Guidelines range, Goins raised no objection to this range, and the district court imposed a sentence within—indeed, at the low end of—the range despite grounds supporting an upward departure, see U.S.S.G. § 7B1.4 cmt. n.4, the record supports the presumption that the district court adequately considered the § 7B1.4(a) range in this case. Accordingly, we conclude that this claim of procedural error fails on the merits.

Insofar as Goins challenges the district court's failure to consider other § 3553(a) factors, the only § 3553(a) omission identified by Goins is (a)(4); and the record confirms consideration of the other factors. To the extent Goins disagrees with the weight assigned these factors, he fails to demonstrate any abuse of the broad discretion accorded sentencing judges in that respect. See United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006) (recognizing that weight to be afforded § 3553(a) factors is "matter firmly committed to the discretion of the sentencing judge" and generally beyond appellate review), abrogated on other grounds, Rita v. United States, 551 U.S. 338 (2007).

b.      Treatment of Guidelines as Mandatory

The district court imposed the challenged 51-month sentence to run consecutively to six years' incarceration that Goins is serving in state court for the crimes underlying

4

his supervision violation. Goins submits that the court's failure to state any reason for imposing a consecutive sentence indicates its mistaken treatment of U.S.S.G. § 7B1.3(f) (stating that sentence for supervised release violation "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation") as mandatory.

The record belies Goins's argument that the district court failed to state reasons for imposing a consecutive 51-month sentence (rather than the consecutive sentence of a year and a day urged by his attorney). In explaining its sentence, the district court specifically referenced Goins's persistent engagement in serious criminal conduct, even while on supervision and despite the needs of his children. Indeed, the court, which knew the opportunity it had afforded Goins with its initial lenient sentence, concluded from Goins's continuing criminal activity that he was intent on "just throw[ing] his life away." D.A. 50. Thus, the district court determined that Goins needed to be incarcerated "for quite a long time" to think about his future and that of his children: "They're so important, and they can't have a father who offends the law and keeps coming to court, and that's what you have been doing." Id. at 51. Moreover, in light of Goins's demonstrated resistance to supervision, the court imposed the 51-month sentence with "no supervised release after that, but that sentence is consecutive to your state sentence." Id. These statements sufficiently explain the district court's reasons for imposing a consecutive sentence to preclude the inference that it did so as a matter of mandate rather than discretion.

5

Further, nothing else in the record indicates that the experienced district judge thought that U.S.S.G. § 7B1.3(f) was mandatory. Indeed, as a policy statement, the provision's application has always been discretionary and not mandatory. See U.S.S.G. § 7, Pt. A. 3(a) (distinguishing between Guidelines and "advisory policy statements"); United States v. Verkhoglyad, 516 F.3d at 128 (stating that even prior to United States v. Booker, 543 U.S. 220 (2005), "it was understood that such policy statements were only advisory"); United States v. Carlton, 442 F.3d 802, 808 (2d Cir. 2006) (stating that "sentences imposed pursuant to [18 U.S.C.] § 3583(e)(3) are, and always have been, discretionary"). In these circumstances, we identify no procedural error in the district court's imposition of a consecutive sentence.

c.      Failure To Articulate Reasons for Sentence

Goins asserts that the district court failed to articulate reasons for its sentence as required by 18 U.S.C. § 3553(c). That obligation requires "no specific formulas or incantation," but only enough detail to allow a reviewing court to understand the rationale for the sentence imposed. United States v. Cassesse, 685 F.3d 186, 192 (2d Cir. 2012); United States v. Verkhoglyad, 516 F.3d at 133. Further, "[w]here, as here, the sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range," compliance with § 3553(c) "can be minimal." United States v. Cassesse, 685 F.3d at 192. The record already cited in rejecting Goins's challenge to imposition of a consecutive sentence demonstrates that the district court sufficiently explained its sentence to defeat Goins's § 3553(c) argument.

In sum, we conclude that each of Goins's procedural challenges to his sentence fails on the merits.

2.      Substantive Reasonableness

Goins argues that his consecutive 51-month sentence is substantively unreasonable in light of (1) his six-year state sentence, and (2) the external pressures he was facing at the time of the admitted violations.  He bears a heavy burden because our review for substantive unreasonableness is "particularly deferential."  United States v. Broxmeyer, 699 F.3d at 289.  Indeed, we will set aside a sentence as substantively unreasonable only if it "cannot be located within the range of permissible decisions" available to a sentencing court, United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted), which is to say, when the sentence is so "shockingly high, shockingly low, or otherwise unsupportable as a matter of law" that allowing it to stand would "damage the administration of justice," United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009). That is not this case.

Goins was on supervision for drug trafficking as a career offender, for which crime he originally faced a statutory minimum term of 20 years' incarceration and a Guidelines range of 262 to 327 months' imprisonment.  Nonetheless, the district court sentenced him to 72 months in prison, followed by 10 years of supervised release. Within three years of his release from prison, however, Goins was again trafficking in crack cocaine and in unlawful possession of a firearm.  This reflected a considerable breach of trust, for which U.S.S.G § 7B1.4 recommended a prison sentence of between 51 and 63 months to run consecutively to any other sentence being served.  In these

7

circumstances, we identify no abuse of discretion in the district court's imposition of a sentence at the low end of this range.   Cf. United States v. Verkhoglyad, 516 F.3d at 136 (rejecting substantive challenge to sentence outside § 7B1.4 range based on totality of circumstances).

In urging otherwise, Goins insists that the district court failed to understand the effect of consecutive sentences, and sanctioned him not for his breach of the court's trust, but instead for the conduct underlying his violation, which was already taken into account by his state term of imprisonment.   This argument is contradicted by the record, which shows that the district court repeatedly acknowledged that Goins was going to serve a state sentence, and imposed a consecutive federal sentence to account for his serious breach of the court's own trust in imposing a reduced term of incarceration, with an accompanying longer term of supervision, for his initial crime of conviction.   To the extent the seriousness of Goins's breach of trust was evident from the seriousness of his underlying criminal conduct, the district court was not required to ignore the latter in determining a substantively reasonable sentence for the breach of trust.

Because the challenged consecutive sentence falls within the range of reasonable sentences available to the district court for Goins's violations of supervision, his substantive reasonableness argument fails on the merits.

3.    Conclusion

    We have considered the defendant's remaining arguments, and we conclude that they are without merit.    Accordingly, the judgment of the district court is AFFIRMED.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, Clerk of Court