*United States v. Soto*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty-five.

Present:
> REENA RAGGI,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          24-2788

WILLIAM SOTO,

> *Defendant-Appellant.**

---

FOR APPELLEE: Thomas R. Sutcliffe, Assistant United States Attorney, *for* John A. Sarcone III, United States Attorney for the Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT: Melissa A. Tuohey, Syracuse, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant William Soto appeals from an October 18, 2024 judgment of the United States District Court for the Northern District of New York revoking his supervised release and sentencing him to 20 months' imprisonment for violating the terms of his release. On appeal, Soto argues that his sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"Like any other sentence, we review a sentence for a violation of supervised release for both procedural and substantive reasonableness." *United States v. Ramos*, 979 F.3d 994, 998 (2d Cir. 2020). We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). A defendant raising a substantive reasonableness argument "bears a heavy burden because our review of a sentence for substantive reasonableness is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We do "not substitute our own judgment for the district court's," and we will "set aside a district court's substantive determination only in exceptional cases where the [sentencing] court's decision cannot be located within the range of permissible decisions." *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011) (internal quotation marks omitted).

Although we do not presume that a within-Guidelines sentence is reasonable, "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Bryant*, 976 F.3d 165, 181 (2d Cir. 2020) (internal quotation marks and alterations omitted). The district court's 20-month sentence, which falls in the lower half of the Guidelines range, was not so "shockingly high" as to be substantively unreasonable. *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). As the district court noted, Soto was "only a few months out of prison" when he engaged in new criminal conduct and violated the terms of his supervised release. App'x at 66. The district court also found that Soto's offense conduct—using fraudulent checks and identification to steal over $30,000 worth of postage stamps from 14 different U.S. Postal Offices—was "rather involved." *Id.* While Soto contends that the district court primarily punished him for his underlying conduct, and not his breach of the court's trust, we are not persuaded. The court properly considered how soon Soto engaged in new criminal conduct post-release, the severity of that conduct, and the premeditation it necessarily required in sanctioning Soto for his breach of trust. *See, e.g.*, *United States v. Goins*, 630 F. App'x 64, 68 (2d Cir. 2015). Finally, the court's imposition of a consecutive sentence comported with Sentencing Commission policy on supervised release violations. *See* U.S.S.G. § 7B1.3(f).

Soto's other arguments on appeal are unavailing. He conclusorily contends that the district court erred in characterizing the underlying offense conduct as "involved and complicated."[1] Appellant's Br. at 10 (quoting App'x at 63). The record shows otherwise.

---

[1] Because Soto appears to be challenging the district court's factual findings, his argument is properly characterized as a claim of procedural error. *See United States v. Wernick*, 691 F.3d 108, 113

3

Soto violated his supervision by stealing U.S. postage stamps. This was no spur-of-the-moment-crime. It required Soto to visit 14 post offices in the span of two days, and to use fraudulent checks and a fake ID card to acquire the stamps. App'x at 52-55. In other contexts, "[w]e have recognized that the creation and use of false documents, and other tactics to conceal offense conduct, are indicia of the sophistication of an offense." *United States v. Fofanah*, 765 F.3d 141, 146 (2d Cir. 2014). And the fact that Soto managed to defraud numerous post offices over two days suggests that his offense was carefully planned. Because Soto fails to demonstrate any error, much less one that is "clear or obvious," *Villafuerte*, 502 F.3d at 209, his challenge to the district court's factual findings fails.

Soto also argues that the district court failed to consider his history of substance abuse as a mitigating factor. This too is belied by the record, which shows that the district court not only adopted the Pre-Sentence Report detailing Soto's history of substance abuse, but also ordered that Soto receive drug treatment while incarcerated. We presume that a "sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020). Here, Soto does not—and cannot—point to anything in the record to rebut that presumption. To the extent that Soto challenges the district court's balancing of the § 3553(a) factors, such a challenge fails because "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted).

---

(2d Cir. 2012). And because Soto did not raise this challenge at sentencing, it is subject to plain error review on appeal. *See United States v. Villafuerte*, 502 F.3d 204, 208-09 (2d Cir. 2007).

Finally, Soto's argument that his "access to necessary substance abuse treatment will be delayed" by his term of imprisonment is meritless. Appellant's Br. at 11 (citing 18 U.S.C. § 3553(a)(2)(D)). As noted, the district court recommended that Soto participate in substance abuse treatment while incarcerated, *see* App'x at 63, and Soto does not explain why such treatment would be inadequate. In any event, the facilitation of treatment is just one of the § 3553(a) factors, and the district court had significant discretion in determining how much weight to assign it. *Broxmeyer*, 699 F.3d at 289.

Soto's 20-month sentence was thus not substantively unreasonable. It was not "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks omitted).

\* \* \*

We have considered the remainder of Soto's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5